UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM R. CLAYTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al., <br><br> Defendants. | CASE NO. C18-0748JLR <br><br> ORDER |

## I. INTRODUCTION

Before the court are two motions: (1) Defendant Saberhagen Holdings, Inc.'s ("Saberhagen") motion for judgment on the pleadings or, alternatively, for summary judgment (MJOP (Dkt. # 39)); and (2) Plaintiffs William R. Clayton and Jill D. Clayton's (collectively, "Plaintiffs") motion for relief from a deadline (MFR (Dkt. # 47)). The court has considered the motions, the parties' submissions in support of and in opposition to the motions, the relevant portions of the record, and the applicable law. Being fully

advised,[1] the court GRANTS Saberhagen's motion and DENIES as moot Plaintiffs' motion for the reasons set forth below.

## II. BACKGROUND

Plaintiffs allege that Mr. Clayton developed mesothelioma after exposure to asbestos-containing products during his military service.[2] (*See* SAC (Dkt # 1-1) § III.) Plaintiffs assert that various defendants—including Saberhagen—"minted, manufactured, produced, and/or placed into the stream of commerce" the asbestos-containing products that caused Mr. Clayton's disease or that Mr. Clayton was exposed to those products on the defendants' premises. (*Id.*)

Saberhagen, a Washington corporation, dissolved on August 22, 2013.[3] (Thorson Decl. (Dkt. # 40) ¶ 2, Ex. A ("Articles").) Plaintiffs allege that the dissolution is "legally invalid" because Saberhagen "failed to furnish proper notice to known creditors under Washington law." (SAC § IV.) They also contend that on January 2, 2015, Saberhagen's former shareholders formed "a new Saberhagen entity"—Saberhagen-Matson LLC ("Saberhagen-Matson"). (MJOP Resp. at 3 (citing 1st Aliment Decl. (Dkt. # 48) ¶ 3, Ex.

---

[1] No party requests oral argument (*see* MJOP at 1; MJOP Resp. (Dkt. # 53) at 1; MFR at 1; MFR Resp. (Dkt. # 55) at 1), and the court determines that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Plaintiffs brought this case in King County Superior Court on April 10, 2018. (*See* Not. of Rem. (Dkt. # 1).) On May 23, 2018, Defendant Vigor Shipyards, Inc. ("Vigor") removed the case to federal court. (*See id.*) The court has federal question jurisdiction based on Vigor's contention that it was acting under an officer of the United States pursuant to 28 U.S.C. § 1442(a)(1). (*Id.* at 2); 28 U.S.C. § 1442(a)(1).

[3] "A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs . . . ." RCW 23B.14.050.

3); *see also* 2d Aliment Decl. (Dkt. # 54) ¶ 4.) Based on those alleged facts, Plaintiffs contend that despite the dissolution, they may nevertheless still recover against Saberhagen. (*See* MJOP Resp. at 6.)

Plaintiffs assert several theories of tort liability, including: product liability, negligence, premises liability, conspiracy, and strict liability for abnormally dangerous activities. (SAC § V.) They seek general and special damages for pain, suffering, "loss of spousal relationship," disability, medical expenses, and economic loss. (*Id.*)

Saberhagen moves for judgment on the pleadings, or, in the alternative, summary judgment. (*See* MJOP at 2.) Plaintiffs move for an extension of time to respond to that motion (*see* MFR), but because they noted their motion for the same day as Saberhagen's (*id.* at 1 (noting on July 13, 2018)), Plaintiffs nonetheless responded to Saberhagen's motion (*see* MJOP Resp.). The court now considers the motions.

### III. ANALYSIS

**A.  Saberhagen's Motion**

1. Legal Standard

As a threshold matter, the court decides whether to treat Saberhagen's motion as one for judgment on the pleadings or for summary judgment. (*See* MJOP at 8 (stating that Saberhagen "believes the present motion is appropriate for consideration under Rule 12(c)," but if the court treats it as a motion for summary judgment, Saberhagen nevertheless prevails); MJOP Resp. at 6, 11 (citing Rule 12(c) and requesting a Rule 56(d) continuance to conduct discovery).) "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R.

Civ. P. 12(c). If the court considers matters outside of the pleadings, the motion becomes one for summary judgment. *See* Fed. R. Civ. P. 12(d). However, in ruling on a Rule 12(c) motion, the court may consider material properly submitted as part of the complaint, documents incorporated into a complaint by reference, and matters subject to judicial notice. *See Risos-Camposano v. Nev. Sys. of Higher Educ.*, No. 3:14-cv-00181-RCJ-VPC, 2014 WL 5503128, at *3 (D. Nev. Oct. 29, 2014).

In support of its motion, Saberhagen submits its articles of dissolution, published notice of its dissolution, and several court orders dismissing Saberhagen from similar asbestos-related cases. (Articles; Thorson Decl. ¶ 3, Ex. B ("Notice"); *id.* ¶¶ 5-12, Exs. D-K.) Plaintiffs do not question the authenticity of those documents (*see* MJOP Resp.), and so the court may take judicial notice of them, *see* Fed. R. Evid. 201(b)(2); *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1345 (C.D. Cal. 2014) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)) (stating that a document was properly subject to judicial notice when no one questioned the authenticity of the document). Thus, the court takes judicial notice of the documents and considers the motion under Rule 12(c). *See* Fed. R. Evid. 201(b)(2); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

A Rule 12(c) motion challenges the sufficiency of the opposing party's pleadings, and the court applies the standard for a motion under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012); *see also Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (stating that "[t]he principal difference" between Rule 12(c) and Rule 12(b)(6) motions "is the time of filing"). Judgment on the

pleadings is appropriate when, even if all material facts in the pleading are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

    2. Judgment on the Pleadings

Saberhagen argues that Plaintiffs' claims against it are barred as a matter of law because Plaintiffs sued Saberhagen more than three years after its dissolution. (MJOP at 1.) Plaintiffs argue that the court should continue the motion because they seek to prove through discovery that Saberhagen's dissolution is invalid. (MJOP Resp. at 1-2 (invoking Rule 56(d))); *see also* Fed. R. Civ. P. 56(d)(1) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion . . . .").

A claim survives against a dissolved corporation for three years. *See* RCW 23B.14.340 (stating that for corporate dissolutions "effective on or after June 7, 2006," an existing claim is not impaired by the dissolution if a plaintiff institutes a proceeding within three years); *see also Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.*, 146 P.3d 914, 921 (Wash. 2006); Fed. R. Civ. P. 17(b)(2) (stating that the capacity to sue a corporation is provided "by the law under which it was organized"). Thus, "a dissolved corporation retains its capacity to be sued" only for those three years. *See La.-Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431, 433 (9th Cir. 1993) (discussing the similar Washington statute that preceded RCW 23B.14.340). If a plaintiff brings a claim against a dissolved corporation after three years, the claim is barred. *See Ballard Square*, 146 P.3d at 923.

Taking all of Plaintiffs' allegations as true, the court concludes that Saberhagen is entitled to judgment as a matter of law. *See Hal Roach Studios*, 896 F.2d at 1550. Saberhagen dissolved on August 22, 2013, and Plaintiffs brought suit on April 10, 2018—well after the three-year period provided in RCW 23B.14.340.[4] (*See* Articles; Thorson Decl. ¶ 4, Ex. C.) That a number of other courts have also entered judgment in Saberhagen's favor for the same reason bolsters the court's conclusion. (*See* Thorson Decl. ¶¶ 5-12, Exs. D-K.)

Despite the foregoing statutory scheme, Plaintiffs contend that Saberhagen's dissolution is invalid because Saberhagen "failed to furnish proper notice to known creditors" and "intended [to] defraud known or reasonably ascertainable creditors." (*See id.* at 2 (quoting SAC § IV); *see also id.* at 6-7.) Based on those allegations, Plaintiffs set forth three theories that they argue preclude judgment on the pleadings: (1) that equitable remedies—such as corporate disregard and de facto corporation—may allow them to obtain relief from Saberhagen's corporate officers, (2) that Saberhagen's failure to notify known claimants may toll the statutory period for bringing suit, and (3) that they may seek the appointment of a receiver "to enable their claims . . . to move forward without burdening shareholders and other corporate officers." (*See* MJOP Resp. at 7.) The court finds those arguments lacking, and thus grants judgment on the pleadings.

//

---

[4] Plaintiffs argue that applying RCW 23B.14.340 in this manner subverts the Washington legislature's intent to allow suits against a dissolved corporation. (MJOP Resp. at 8-9.) That argument does not pass muster, however, because the legislature expressly limited the time period during which a plaintiff can sue. *See* RCW 23B.14.340.

*a. Equitable Remedies*

Plaintiffs argue that judgment on the pleadings is inappropriate because they may pursue "equitable remedies" to "obtain relief from Saberhagen through its officers." (MJOP Resp. at 7.) The argument fails because Plaintiffs provide no authority that the cited equitable remedies apply to a dissolved corporation or even if they apply, liability would be against some entity or individual other than Saberhagen.

First, Plaintiffs assert that Saberhagen might be liable under a theory of corporate disregard due to Saberhagen-Matson's activities. (*See* MJOP Resp. at 7.) "The corporate entity is disregarded and liability assessed against shareholders in the corporation when the corporation has been intentionally used to violate or evade a duty owed to another." *Morgan v. Burks*, 611 P.2d 751, 755 (Wash. 1980). "Abuse of the corporate form may include: (1) the diversion of assets from one corporation to another entity; and (2) the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another." *Plascencia v. McDaniel*, No. C08-5453RJB, 2010 WL 2465492, at *6 (W.D. Wash. June 14, 2010) (citing *Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982)). A plaintiff cannot proceed with this theory when the individuals responsible for corporate misconduct are not parties to the suit. *Meisel*, 645 P.2d at 693 (stating that even if the court assumed corporate misconduct, the two individuals "have been dismissed from the suit without appeal").

Plaintiffs do not explain how corporate disregard provides them a remedy against a dissolved corporation. (*See* MJOP Resp. at 7.) And the entities against whom such a theory could be asserted—Saberhagen-Matson or its constituents—are not parties to this

case.[5] *See Meisel*, 645 P.2d at 693. So even if Saberhagen's dissolution has harmed Plaintiffs, that "harm alone does not create corporate misconduct." *Id.*

Plaintiffs next invoke a theory of de facto corporation. (MJOP Resp. at 7.) Under that theory, "one who knows a corporation is dissolved and continues to act as the corporation could be personally liable under RCW 23B.02.040." *Equipto Div. Aurora Equip. Co. v. Yarmouth*, 950 P.2d 451, 456 (Wash. 1998); *see also id.* (stating that the statute supplanted the common law). But even though someone acting as Saberhagen post-dissolution could be personally liable, Plaintiffs' remedy is not against Saberhagen. *Cf. id.* (addressing personal liability).

Lastly, Plaintiffs' briefing implies a theory of successor liability. (*See* MJOP Resp. at 7-10.) Generally, a corporation purchasing the assets of another corporation does not become liable for the selling corporation's debts and liabilities. *See Columbia State Bank v. Invicta Law Grp., PLLC*, 402 P.3d 330, 338 (Wash. Ct. App. 2017). But successor liability may be imposed if: (1) the purchaser expressly or impliedly agrees to assume liability; (2) the purchase is a de facto merger or consolidation; (3) the purchaser is a mere continuation of the seller; or (4) the transfer of assets is for the fraudulent purpose of escaping liability.[6] *Id.*; *see also Lefevre v. CBS Corp.*, No. C13-5058RBL, 2013 WL 4804471, at *2-5 (W.D. Wash. Sept. 9, 2013) (discussing successor liability in

---

[5] The court makes no ruling on whether Saberhagen-Matson or its constituents are in fact proper parties to this suit or would be liable. Indeed, the court discusses those entities only because Plaintiffs focus on their conduct. (*See* MJOP Resp. at 3-5.)

[6] The fact that the successor entity differs in form from the predecessor entity is irrelevant. *See id.* ("The particular form of the business entity is not determinative.").

the context of asbestos litigation). But even if Saberhagen-Matson is liable under this doctrine, successor liability does not support a claim against Saberhagen, the predecessor—and dissolved—corporation.

For those reasons, the "equitable remedies" Plaintiffs cite do not prevent judgment on the pleadings.

      *b. Known Claimants*

Plaintiffs also argue that if Saberhagen failed to provide them adequate notice of its dissolution, the limitations period may be tolled. (MJOP Resp. at 7, 9-10.) In so arguing, they rely on *University of Alaska v. Thomas Architectural Products, Inc.*, 907 P.2d 448 (Alaska 1995). (*See id.*) In that case, the Alaska Supreme Court applied Washington law to determine whether a dissolved corporation's failure to notify known creditors tolled the statutory period for asserting claims. *Thomas Architectural*, 907 P.2d at 449, 452. The court acknowledged that there was no Washington case on point and relied on law from other jurisdictions in which courts held that "the abatement of claims provision[s are] ineffective with regard to claims by creditors who did not receive required notice." *Id.* at 453. Because there was "an unresolved question" about whether the plaintiff was a "known creditor" at the time of dissolution, the court concluded that the Washington provision did not bar the claim against the dissolved corporation. *Id.* The court noted, however, that "a potential tort claimant is arguably not a known creditor" because "[o]therwise, a corporation would have to contact every person or entity to whom it had sold a product." *Id.*

//

Not only has no Washington court adopted *Thomas Architectural*'s reasoning,[7] Plaintiffs were also not known claimants. Under the Washington Business Corporation Act, a "known claim" is "any claim or liability" that "[h]as matured sufficiently, before or after the effective date of the dissolution, to be legally capable of assertion against the dissolved corporation, whether or not the amount of the claim or liability is known or determinable" and "the dissolved corporation has knowledge of the identity and the mailing address of the holder of the claim or liability and . . . actual knowledge of existing facts."[8] RCW 23B.14.060(3)(a)(i); *id.* 23B.14.060(3)(b). Even if Saberhagen gave insufficient notice (*see* MJOP Resp. at 9), Plaintiffs' claim had not "sufficiently matured" (*see* SAC § III (alleging Mr. Clayton was diagnosed with mesothelioma in June 2016)), and there is no indication that Saberhagen knew Plaintiffs' "identity," *see* RCW 23B.14.060(3)(a)(i); *id.* 23B.14.060(3)(b). To hold otherwise would create the problem *Thomas Architectural* identified: If potential tort claimants are known claimants, "a corporation would have to contact every person or entity to whom it had sold a product." *Thomas Architectural*, 907 P.2d at 453. And here, the problem would balloon even more if Saberhagen had to notify not just purchasers

---

[7] The only Washington case to cite *Thomas Architectural*—*Smith v. Sea Ventures, Inc.*, 969 P.2d 1090 (Wash. Ct. App. 1999)—held that "RCW 23B.14.340 does not, and never has, covered post-dissolution claims to corporate assets, based on pre-dissolution contractual rights, where shareholders have taken affirmative steps to appropriate those assets after corporate dissolution." *Id.* at 1093. The Washington Court of Appeals cited *Thomas Architectural* in "consider[ing] several theories upon which such recovery can be based," but did not adopt not the reasoning in that opinion. *Id.* at 1093 n.9.

[8] The statute also addresses a claim arising from a contract, which is not at issue here. *See* RCW 23B.14.060(3)(a)(ii).

but also users like Mr. Clayton. (*See* SAC § III (alleging that Mr. Clayton was exposed to asbestos during his military service).)

Plaintiffs also argue that Saberhagen's publication of notice was inadequate. (*See* MJOP Resp. at 9-10.) But the publication statute states that "[a] dissolved corporation's failure to publish notice in accordance with this subsection does not affect the validity . . . of its dissolution." RCW 23B.14.030(3). That is because the statute merely gives a dissolved corporation a way to quickly resolve claims. *See* Dale L. Carlisle & Brooke A. Johnson, 31 Wash. Prac., Business Law 23B.14.030 (2018 ed.) (noting that the statute's "relatively simple procedure . . . is important, as a correctly drafted notice will serve to effectively bar creditors' claims against the dissolved corporation that are not filed within the time period specified by the notice"); *see also* RCW 23B.14.030. Thus, even if tolling were allowed for known claimants, Plaintiffs are not known claimants and were not entitled to any particular notice of Saberhagen's dissolution.

  *c. Receivership*

Finally, Plaintiffs maintain that judgment on the pleadings is inappropriate because they may petition the court to appoint a receiver. (*See* MJOP Resp. at 7 (citing RCW 7.60.020(6) and RCW 7.60.030, both of which were repealed in 2004).)[9] As with their invocation of equitable remedies, Plaintiffs offer no argument about why appointing

//

---

[9] Even if those statutes had not been repealed, they would not apply here because federal law governs the appointment of a receiver in federal court. *See Can. Life Assur. Co. v. LaPeter*, 563 F.3d 837, 843-44 (9th Cir. 2009).

a receiver would allow them to proceed against a dissolved corporation. (*See id.* at 7-10.) Thus, this argument provides no basis for denying judgment in Saberhagen's favor.

Viewing all of the material facts in the light most favorable to Plaintiffs, the court grants Saberhagen's motion for judgment on the pleadings. Plaintiffs filed suit more than three years after Saberhagen's dissolution, and Plaintiffs' various attempts to nevertheless maintain the suit fail. *See* RCW 23B.14.340; *Ballard Square*, 146 P.3d at 923; *supra* §§ III.A.2.a-c.

*d. Discovery*

Because Plaintiffs' theories fail as a matter of law, any discovery to support those theories is unnecessary. *See Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule [56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."). Moreover, a request for discovery under Rule 56(d) is inappropriate in response to a motion for judgment on the pleadings. *See Wilson v. Amneal Pharms., L.L.C.*, No. 1:13-cv-00333-CWD, 2013 WL 6909930, at *7 (D. Idaho Dec. 31, 2013) (rejecting the plaintiff's request for discovery under Rule 12(d) and Rule 56(d) in response to a motion for judgment on the pleadings); *Anderson v. Chandler*, No. CV-12-813-PHX-SMM, 2013 WL 3864255, at *2 (D. Ariz. July 25, 2013) (denying a motion for "Rule 56(d) relief" because the court did not convert the motion for judgment on the pleadings into one for summary judgment). For these reasons, the court denies Plaintiffs leave to conduct discovery related to Saberhagen.

//

### B. Plaintiffs' Motion

Plaintiffs also move to extend the time to respond to Saberhagen's motion. (*See* MFR at 1.) But Plaintiffs have nevertheless responded, *see supra* §§ III.A.2.a-d, and they make the same arguments in their motion as in their response (*compare* MJOP Resp., *with* MFR). Having rejected those arguments for the reasons stated above, the court denies Plaintiffs' motion as moot. *See supra* §§ III.A.2.a-d.

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS Saberhagen's motion for judgment on the pleadings (Dkt. # 39), DENIES Plaintiffs' request for a Rule 56(d) continuance, and DENIES as moot Plaintiffs' motion for relief from a deadline (Dkt. # 47).

Dated this 20th day of July, 2018.

JAMES L. ROBART
United States District Judge