# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WILLIAM R. CLAYTON and JILL D. CLAYTON,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORP., et al.,<br><br>Defendants. | CASE NO. C18-0748JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LIMITED DISCOVERY ON CAUSE OF DEATH |

Before the court is Defendant Syd Carpenter, Marine Contractor, Inc.'s ("Syd Carpenter") motion to extend the discovery deadline and to allow limited discovery into Plaintiff William R. Clayton's cause of death. (Mot. (Dkt. # 150).) Plaintiff Jill D. Clayton opposes the motion. (Resp. (Dkt. # 151).) Syd Carpenter filed a reply. (Reply (Dkt. # 154).) The court has considered the motion, the submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.

Being fully informed, the court GRANTS Syd Carpenter's motion, subject to the limitations set forth below.

On August 19, 2019, the court granted in part Syd Carpenter's motion to continue the trial in this case. (*See* 08/19/19 Order (Dkt. # 148); *see also* Mot. to Continue (Dkt. # 139); Am. Sched. Order (Dkt. # 149).) The court ordered that "[a]ll pretrial deadlines that have passed will not be rescheduled except that the court allows Syd Carpenter to conduct limited discovery on Mrs. Clayton and the two Clayton heirs on the issue of damages." (08/19/2019 Order at 2.) The court further stated that "[i]f a party wishes to conduct limited discovery on the issue of Mr. Clayton's cause of death, the court will entertain a motion on that issue." (*Id.* at 2-3.)

Syd Carpenter now seeks limited additional discovery on Mr. Clayton's cause of death. (*See* Mot. at 1.) Syd Carpenter asserts that this additional discovery is necessary because "Mr. Clayton passed away on May 28, 2019, or five days before discovery closed and approximately two months after expert disclosures [were due]." (*Id.* at 1; *see also* Sched. Order (Dkt. # 49) at 1 (setting the discovery deadline to June 3, 2019).) Syd Carpenter argues that because the plaintiffs filed their corrected amended complaint alleges a wrongful death cause of action on August 15, 2019, after the close of discovery, additional discovery is necessary to evaluate "[t]he nature of the damages and claims have changed in light of Mr. Clayton's passing." (*See* Mot. at 2-3 (quoting Mot. to Continue at 1).)

Mrs. Clayton responds that there is not good cause for additional discovery because "Syd Carpenter has demonstrated time and time again that delay, not diligence,

is its primary motive" and because Syd Carpenter "seeks unlimited discovery." (*See* Resp. at 6-7). Mrs. Clayton also appears to suggest that no discovery on cause of death is necessary because "Mr. Clayton's death certificate unequivocally listed mesothelioma as his cause of death." (*See id.* at 2.) In reply, Syd Carpenter explains that it seeks only limited discovery, and argues that additional discovery on cause of death is necessary to obtain evidence on causation and damages—evidence that should not be limited solely to the death certificate. (*See* Reply at 2 ("Death certification errors are common.") (internal quotation omitted).)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P 16(b)(4). The court finds that good cause exists to modify the court's scheduling order and permit limited discovery on Mr. Clayton's cause of death. The discovery deadline closed before a wrongful death claim was at issue in this lawsuit. Regardless of whether Syd Carpenter was diligent in pursuing other discovery before the discovery deadline, Syd Carpenter had no notice that it would need discovery on a claim that was not in the case at that time.

The court ORDERS that the current case schedule (*see* Am. Sched. Order) is amended as follows:

The deadline to disclose expert testimony is extended to December 16, 2019, for the sole purpose of allowing the parties to disclose expert reports (or amendments to current expert reports) on Mr. Clayton's cause of death. The deadline to complete discovery is extended to January 31, 2020, for the following limited purposes only:

- The parties may depose any experts who disclose opinions on Mr. Clayton's cause of death, limited in scope to Mr. Clayton's cause of death.
- The parties may obtain authorization to collect Mr. Clayton's medical records from April 1, 2019 through May 28, 2019, the date of his death.
- The parties may depose Dr. Erina Sugai, M.D., on the sole issue of Mr. Clayton's cause of death.
- The parties may depose individuals who served at the time of Mr. Clayton's death as his primary care or hospice medical providers. Such depositions shall be limited in scope to Mr. Clayton's cause of death.

Motions related to this additional discovery must be filed by January 10, 2020. Motions challenging expert witness testimony on Mr. Clayton's cause of death must be filed by February 17, 2020. All other case deadlines as set forth in the court's modified scheduling order (Am. Sched. Order) remain the same.

Dated this 28th day of October, 2019.

JAMES L. ROBART
United States District Judge